**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUTH L. HENDERSON,
Plaintiff-Appellant,

v.

No. 99-2123

COLUMBIA NATURAL RESOURCES, a
corporation; EDISON L. CASTO,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-98-447-2)

Submitted: March 31, 2000

Decided: April 18, 2000

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore R. Dues, Jr., THEODORE R. DUES, JR., L.C., Charleston,
West Virginia, Sharon M. Mullens, Charleston, West Virginia, for
Appellant. William E. Robinson, Michael A. Kawash, ROBINSON &
MCELWEE, L.L.P., Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ruth L. Henderson appeals the district court's order granting summary judgment in favor of Columbia Natural Resources (Columbia), and dismissing her claims of age and race discrimination in violation of Title VII, see 42 U.S.C. § 2000e (1994), and the West Virginia Human Rights Act. See W. Va. Code § 5-11-13 (1994). Henderson filed this suit following her termination from her position as Placement and EEO Administrator for Columbia. Although her termination came as part of an on-going reduction in force, Henderson believed that her treatment in the company and eventual termination were the result of impermissible age and racial discrimination.

On this belief, Henderson filed this suit in state court. After removal to the federal district court and significant discovery, Columbia filed a motion for summary judgment. The district court found that Henderson's Title VII claims were untimely and that she had failed to establish a prima facie case of discrimination with respect to her claims under the West Virginia Human Rights Act. As a result of this finding, the district court granted summary judgment in favor of Columbia and dismissed the action. Henderson appealed this final order.

This Court reviews the grant of summary judgment in discrimination cases de novo. See Henson v. Liggett Group , 61 F.3d 270, 274 (4th Cir. 1995). The district court correctly dismissed Henderson's cause of action under Title VII as untimely filed despite the timely nature of her claims under the West Virginia Human Rights Act. See 42 U.S.C. § 2000e-5(f)(1) (1994); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). Similarly, we find no error in the district court's treatment of Henderson's evidence in reaching the conclusion that Henderson failed to establish a prima facie case of discrimination under the West Virginia Human Rights

2

Act. See Dawson v. Allstate Ins. Co., 433 S.E.2d 268, 274 (W. Va. 1993). Henderson failed to establish the necessary link between the Columbia's employment decisions and her status as a member of the protected class "to give rise to an inference that the employment decision was based on an illegal discriminatory criterion." Conaway v. Eastern Assoc. Coal Corp., 358 S.E.2d 423, 429 (W. Va. 1986). Finally, we find no merit to Henderson's claim that the district court applied an inappropriately stringent standard in analyzing her prima facie case. See Hanlon v. Chambers, 464 S.E.2d 741, 748 (W. Va. 1995).

Because Henderson failed to establish a prima facie case of employment discrimination under the West Virginia Human Rights Act and failed to act on her rights under Title VII in a timely fashion, we conclude that the district court did not err in granting summary judgment in favor of Columbia and dismissing Henderson's civil action. The district court's order is hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED